**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **ALBERT G. BRUZGUL** | ) | CASE NO. 05-71801 |
| | ) | |
| Debtor. | ) | CHAPTER 13 |
| | ) | |

## MEMORANDUM OPINION

The matter before the Court is the Debtor's Objection to Claims #1 and #3 of Countrywide Home Loans, Inc. (herein "Countrywide"). For the reasons set forth below, the Debtor's Objection is denied without prejudice to any rights the Debtor may have under non-bankruptcy law to make a payoff of the mortgage loan under protest and recover any excess amount wrongfully demanded or otherwise challenge the determination of such payoff quoted by Countrywide.

## ALLEGATIONS AND EVIDENCE PRESENTED

The Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on May 5, 2005. On May 25, 2005, Countrywide filed Claim #1 stating that it holds a secured claim in the amount $80,614.05 secured by a lien on the Debtor's real property located at 1847 Oxford Avenue, Roanoke, Virginia. Claim #1 included an arrearage claim of $24,425.66. On June 8, Countrywide filed Claim #3 which amended Claim #1. Claim #3 also states that Countrywide has a secured claim for $80,614.05 secured by a lien on the Debtor's real property, but it increased the arrearage claim to $24,939.73.

1

On June 5, 2007, the Debtor filed an Objection to Claims #1 and #3. The Objection alleges that on or about November 7, 2001 in a prior case Countrywide filed a claim against the Debtor in the amount of $62,463.07. The Objection further alleges that on or about September 9, 2002, Countrywide filed a claim for in the amount of $80,150.17 "without any explanation of the discrepancy of $17,687.12". The Objection states that no additional funds were received by the Debtor to account for the increased claim during the relevant time period. The Objection further alleges that at this time Countrywide is entitled to $65,680.34 to fully discharge the secured debt on the Debtor's real property. The Objection prays that the Court fix the amount owed to Countrywide to fully discharge the secured debt at $65,680.34.

On June 29, 2005, Countrywide filed a response to the Objection. Countrywide filed an Amended Response to the Objection on July 7, 2005. The Amended Response states that Countrywide filed Claim #1 on May 24, 2007 and later amended the claim by filing Claim #3. The Amended Response explains that Claim #3 was filed to increase the arrearage amount because the Debtor's Chapter 13 Plan provided for the Debtor to make his June 2005 mortgage payment through the Chapter 13 Plan. The Amended Response alleges that Countrywide objected to the Debtor's original Chapter 13 Plan on the grounds that it was underfunded because the Plan did not provide for the full amount of Countrywide's arrearage claim. Countrywide later withdrew its objection when the Debtor amended his Plan to provide for the full amount of the arrearage claim stated in Claim #3. The Amended Response further alleges on May 24, 2007, the Debtor obtained a statement from Countrywide indicating that the payoff amount for the lien was $65,680.34. As part of the Amended Response, Countrywide included a payoff statement which indicates that the total payoff amount for the loan, including costs, fees,

and interest through July 31, 2007, would be $66,500.13.

The Debtor's Objection came to be heard on July 9, 2007. At that time the Court heard statements offered by the Debtor and counsel for Countrywide. The Debtor contended that Countrywide was "gouging" him by including items such as foreclosure costs, bankruptcy fees, and inspection fees in the calculation of the total claim. The Debtor offered no evidence with regard to the reasonableness of the fees and costs included in the claim, nor did the Debtor offer any evidence that such costs and fees were not incurred by Countrywide.

Although the Objection prays that the current value of Countrywide's lien be fixed at $65,680.34, the Debtor argued that the true amount owing Countrywide in order to pay the creditor's secured lien in full is approximately $56,000. The Debtor's argument that the amount owing on the mortgage is approximately $56,000 was based on his conclusion that Countrywide had included excessive fees and costs in the calculation of its total proof of claim and the fact that he had made direct payments on the mortgage over the course of his Chapter 13 Plan as well as payments on the arrearage amount through the Trustee. When the Court questioned the Debtor regarding the differing amounts, the Debtor responded that the Objection included the figure from Countrywide's May 2007 payoff quote, but, after filing the Objection, he discovered that this figure did not accurately represent the payoff amount according to his calculation. When further questioned by the Court, the Debtor had no explanation as to why he did not file an amended objection upon learning of the discrepancy. The Debtor, however, stated that he believed that the payoff amount quoted in the May 2007 statement was inaccurate due to Countrywide's faulty accounting methods. The Debtor further stated that until Countrywide provides him with a complete payment history, he will be unable to provide any further evidence

to establish that the correct payoff amount of the lien is approximately $56,000.

      At the hearing, counsel for Countrywide proffered that Countrywide utilized standard accounting procedures in calculating the payoff quote relating to its claim.  Counsel also stated that the arrearage claim stated in Claim #3 was so high because the Debtor had failed to make payments for numerous months and because there were extensive fees associated with the failure to make payments and the Debtor's multiple bankruptcy petitions.

      At the close of the hearing, the Debtor requested that the Court fix the total amount needed to pay off Countrywide's lien at "approximately $56,000."

## CONCLUSIONS OF LAW

      This Court has at least facial jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984.  Objections to claims are "core" bankruptcy proceedings by virtue of 28 U.S.C. § 157(b)(2)(B).  Whether the Court has actual jurisdiction of this dispute is not certain because the case is facing dismissal and the determination of whether the objected to claims are correct or not will not make any difference in the administration of this case.  *See generally Valley Historic Limited Partnership v. The Bank of New York,* 486 F.3d 831 (4th Cir. 2007)(post-confirmation ch. 11 case).  In light of the ultimate disposition of the Objection, there is no need for the Court to undertake an extended consideration of such jurisdictional issue.

      Under 11 U.S.C. § 502(a) and Bankruptcy Rule 3001(f), a properly filed proof of claim is prima facie evidence of the validity and amount of the claim.  Thus, when a party in

interest objects to a properly filed proof of claim, the objecting party must introduce evidence to rebut the presumptive validity of the proof of claim. *Stancill v. Harford Sands Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 640 (4th Cir. 2004). In the present matter, Countrywide properly filed Claim #1 and later amended it by properly filing Claim #3. The Debtor responded to these claims by filing his written Objection on June 5, 2007.[1] As discussed above, when this matter came for hearing, the only evidence presented by the Debtor was his unsupported statements that he believes the correct payoff amount to be approximately $56,000, that Countrywide included excessive fees and charges in the claims, and that Countrywide's accounting methods are somehow flawed. Given the nature of the statements made at the hearing, the Court concludes that the Debtor has failed to provide sufficient evidence to rebut the presumption of validity accorded to Countrywide's properly filed claims by 11 U.S.C. § 502(a) and Bankruptcy Rule 3001(f). Indeed, he has failed to challenge with any particularity any specific component of Countrywide's payoff calculation. The Court thus overrules the Debtor's Objection to Claims #1 and #3, but does so without prejudice to any rights the Debtor may have under non-bankruptcy law to challenge the payoff figure quoted by Countrywide.

Even if the Court had concluded from the Debtor's statements at the hearing to the effect that he questioned whether all of the property inspections for which fees were charged had actually been performed and doubted that he had been given credit for all mortgage

---

[1] The Court notes that although the Debtor was initially represented by counsel, counsel withdrew from representation by leave of the Court on June 1, 2007. During the period of time while the Debtor was represented by counsel, the Debtor accepted Countrywide's amended proof of claim and filed a Chapter 13 Plan to deal with the claim. The Objection to Claims #1 and #3 was not filed until after the Debtor's case was facing dismissal and the Debtor was proceeding *pro se.*

payments which he had made, were sufficient to place upon Countrywide an obligation to establish the correctness of its figures, it would not be fair under the pleadings to have placed that burden upon the creditor at such hearing. While the Objection did attack the proofs of claim in general terms, the specific relief it requested was for the Court to declare that the current payoff of the loan was the amount quoted by Countrywide in May of this year, just prior to the filing of such Objection. Accordingly, neither Countrywide nor the Court had any inkling prior to the hearing that the Debtor was going to ask the Court to determine that the correct payoff was actually about $10,000 less than the quoted amount for a payoff by the end of this month. The Debtor has obtained a refinancing commitment from a new lender and wants to close the loan this month, indeed the Debtor even requested orally at the hearing that the Court give him permission to move forward with that even prior to the expiration of the time given by the Court, to an affected creditor to object, in its Order entered in this case on June 19, 2007. This request was denied by the Court from the bench. While the Debtor has said that he wants a full loan payment history from Countrywide and would like to conduct discovery because such has not been provided to him, as a practical matter there is not enough time now for that to occur and for him still to be able to close his new loan this month. For that reason the Court has decided that while the Objection should be denied for the purpose of this case, such denial should be without prejudice to any rights the Debtor may have under non-bankruptcy law to challenge Countrywide's calculation of the loan payoff and any remedies which may flow therefrom.

## **CONCLUSION**

An order denying the Debtor's Objection to Claims #1 and #3 without prejudice

to any rights the Debtor may have to pursue any non-bankruptcy law remedies to challenge the payoff figure quoted by Countrywide will be entered contemporaneously with the signing of this opinion.

This 12th day of July, 2007.

‎ _____
UNITED STATES BANKRUPTCY JUDGE